UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROY C. SPEGELE, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>USAA LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 5:17-cv-967 |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Roy C. Spegele ("Mr. Spegele" or "Plaintiff"), individually and on behalf of all others similarly situated, for his Class Action Complaint against Defendant USAA Life Insurance Company ("USAA Life" or "Defendant"), states and alleges as follows:

## NATURE OF ACTION

1.　　This is a class action for breach of contract and conversion to recover amounts that Defendant charged Plaintiff and the proposed class in excess of the amounts authorized by the express terms of their life insurance policies.  Plaintiff's breach of contract claim is exclusively supported by the written provisions of his policy, which are materially the same as those of other policies held by the members of the proposed class, and not subject to individual negotiation.

2.　　The terms of Plaintiff's life insurance policy provide for a "cash value" consisting of monies held in trust by Defendant for Plaintiff, and Defendant is contractually bound to deduct from the cash value only those charges that are explicitly identified and authorized by the policy's terms.

1

3.      Despite unambiguous language in the policy, which is a fully integrated insurance agreement, Defendant breaches the policy by deducting charges from Plaintiff's cash value in excess of the amounts specifically permitted by the policy, and those breaches are continuous and ongoing.

4.      Defendant has caused material harm to Plaintiff and the proposed class by improperly draining monies they have accumulated in the cash values under their policies. Every unauthorized dollar taken from policy owners is one less dollar that can be used to: invest through the policy; pay future premiums; increase the death benefit; use as collateral for policy loans; or withdraw as cash.

5.      Plaintiff brings this case as a class action under Federal Rule of Civil Procedure 23, individually and on behalf of the following persons (the "class"):

> All persons who own or owned a life insurance policy issued or administered by Defendant, the terms of which provide or provided for:  1) an insurance or cost of insurance charge or deduction calculated using a rate that is determined based on Defendant's expectations as to future mortality experience; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

6.      On behalf of himself and the class, Plaintiff seeks to recover compensatory and punitive damages, as well as declaratory and injunctive relief.

## PARTIES

7.      Plaintiff Roy C. Spegele resides in Cape Coral, Florida, and is a citizen of the State of Florida.

8.      Defendant USAA Life is a corporation incorporated under the laws of the State of Texas, with its principal place of business in San Antonio, Texas.

## JURISDICTION AND VENUE

9.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2), because this is a class action in which at least one member of the class is a citizen of a state different from Defendant, the amount in controversy exceeds $5 million exclusive of interest and costs, and the proposed class contains more than 100 members.

10.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant is a resident of this district and a substantial portion of the events giving rise to Plaintiff's causes of action occurred in this district.

## FACTUAL BACKGROUND

11.     Plaintiff purchased from USAA Life Insurance Company a "Universal Life Insurance Policy" bearing policy number 3240875U4, with an effective date of January 20, 1992, and an initial specified amount of $25,000 (the "Policy").  A true and accurate copy of the Policy is attached hereto as Exhibit A, and incorporated herein by reference.

12.     Plaintiff has always been both the "owner" and the "insured" under the Policy, which remains in force.

13.     Defendant is the effective and liable insurer of the Policy, and policies meeting the class definition (the "Class Policies").

14.     The Policy "is a legal contract" between Plaintiff and Defendant.  Ex. A at 5.

15.     The entire contract between Plaintiff and Defendant consists of the Policy, the application, and any supplemental application.  Ex. A at 5 & Accidental Death Benefit Rider (General Provisions) ("This rider is attached to and is part of the policy.").

16.     The terms of the Policy are not subject to individual negotiation and are materially the same for all policyholders.

17.     Only an officer of USAA Life has authority to waive or change a provision of the Policy, and then only in writing.  Ex. A at 5.

18.     USAA Life has issued and administered, and currently administers, all aspects of the Policy and Class Policies, including collecting premiums, and setting, assessing and deducting policy charges.

19.     In addition to a death benefit, the Policy and Class Policies provide policyholders an investment, savings, or interest-bearing component, that accumulates value over time. Although the savings component in certain of the Class Policies may be identified by a different name, it is identified in the Policy and throughout this Complaint as the "cash value."

20.     Generally, like Plaintiff and class members, universal life insurance policyholders contribute premiums, the net amount of which, after a "Premium Deduction" charge is deducted, are deposited into the cash value of a policy, from which the insurer deducts monthly charges as authorized by the policy.

21.     The Policy and Class Policies expressly define the components of the cash value, and how it is calculated:

On each Monthly Anniversary Date, the cash value shall be calculated as (1) minus (2) plus (3) plus (4) plus (5) minus (6) minus (7) where:

1) is the cash value on the prior Monthly Anniversary Date;

2) is the monthly deduction for the month following the Monthly Anniversary Date;

3) is one month's interest on (1) minus (2);

4) is the net premium received for the policy in the prior month;

5) is the interest on each net premium from the day it is credited to this policy to the Monthly Anniversary Date;

6) is reductions in cash value for all partial surrenders since the beginning of the preceding Monthly Anniversary Date; and

7) is the interest on each partial surrender from the day it is granted to this policy to the Monthly Anniversary Date.

Ex. A. at 11.

22.     The Policy expressly defines the specific charges that USAA Life may assess and deduct from Plaintiff's premium payments and the Policy's cash value.  USAA Life may assess and deduct only those charges allowed by the Policy.

23.     The Policy authorizes USAA Life to take from the cash value a "Monthly Deduction:"

> The monthly deduction on each monthly anniversary shall be calculated as (1) plus (2) plus (3) where:
>
> 1) is the cost of insurance and the cost for any policy riders;
>
> 2) is the monthly policy maintenance charge, which is a flat charge per policy; and
>
> 3) is the monthly administrative charge, which is a flat charge per policy that is applied only during the first 12 policy months.

Ex. A at 12.

24.     The Policy authorizes Defendant to deduct a maintenance charge in the fixed, maximum amount of $2.50 per month.  Ex. A at 2.  The Policy expressly provides that the "maintenance charge" Defendant is authorized to take as part of the monthly deduction is a charge that "reimburses [USAA Life] for recurring administrative expenses related to the maintenance of the policy."  Ex. A at 4.

25.     The Policy also authorizes Defendant to deduct an administrative charge in the fixed, maximum amount of $4.17 per month only during the first year (12 policy months).  Ex. A at 2.  The Policy expressly provides that the "administrative charge" Defendant is authorized to take as part of the monthly deduction during the first 12 policy months is a charge that "reimburses [USAA Life] for the start-up expenses incurred in issuing this policy."  Ex. A at 4.

26.     In addition to setting the fixed maximum amounts Defendant is authorized to deduct for the maintenance charge and administrative charge, the Policy expressly defines how the cost of insurance is calculated:

> The cost of insurance is calculated on each monthly anniversary.  First, we divide the death benefit on the monthly anniversary by 1.0036748, and then we subtract the cash value. . . .We divide the resulting net amount at risk by 1000 and multiply that result by the applicable cost of insurance rate.

Ex. A at 12.

27.     Under the explicit terms of the Policy, USAA Life is authorized to use only the insured's age, sex, rate class, and its expectations as to future mortality experience when determining the Policy's cost of insurance rates:

> The cost of insurance rates for each Specified Amount are based on the insured's age, sex, and rate class. Current cost of insurance rates are based on our expectations as to future mortality experience. . . .USAA LIFE guarantees that the cost of insurance rates will never be greater than those shown in the Table of Monthly Guaranteed Cost of Insurance Rates Found in the Policy Schedule page.

Ex. A at 12.

28.     Age, sex, and rate class are factors commonly used within the life insurance industry to determine the mortality expectations of an insured or group or class of insureds.

29.     Because the Policy specifically identifies age, sex and rate class as the defining components of the cost of insurance rates, and expressly states that current cost of insurance rates are based on USAA Life's expectations as to future mortality experience, the parties agreed that mortality expectations are what determine cost of insurance rates under the Policy.

30.     Like the Policy, the Class Policies disclose similar periodic deductions that Defendant is authorized to take from policyholders' cash values, including specifically, cost of insurance charges that are calculated using rates that Defendant must determine based on its

expectation as to future mortality experience, and separate maintenance, administrative, or other expense charges or deductions in fixed amounts.

31.     Although the Policy and Class Policies authorize USAA Life to use only its "expectations as to future mortality experience" when determining cost of insurance rates, USAA Life uses other factors, not authorized by the Policy, when determining such rates, including without limitation, expense experience.

32.     By including other factors in calculating cost of insurance rates, USAA Life knowingly causes those rates to be higher than what is explicitly authorized by the Policy and Class Policies.

33.     By loading cost of insurance rates with unauthorized factors, USAA Life repeatedly and continuously breaches the Policy and Class Policies by impermissibly inflating those rates such that they substantially exceed USAA Life's "expectations as to future mortality experience."

34.     The higher cost of insurance rates used by USAA Life cause the monthly cost of insurance charge to be greater than what is explicitly authorized by the Policy and Class Policies. Consequently, USAA Life withdraws from the cash value an amount for the cost of insurance that is greater than that authorized under the Policy and Class Policies.

35.     Each of USAA Life's past and future cost of insurance deductions from the cash values of Plaintiff and the class constitutes a separate breach of contract.

36.     As a direct and proximate result of USAA Life's breaches, therefore, Plaintiff and the class have been damaged, and those damages are continuing in nature in that USAA Life has deducted and will continue to deduct unauthorized cost of insurance amounts from policyholders' cash values.

37.     By loading cost of insurance rates with undisclosed expense experience factors, including without limitation maintenance and administrative expense factors, Defendant repeatedly and continuously breaches the Policy and Class Policies by impermissibly deducting amounts from the cash values of Plaintiff and the class in excess of the fixed and maximum maintenance charge and administrative charge amounts expressly authorized by the Policy and Class Policies.

38.     Each of USAA Life's past and future maintenance charge and administrative charge deductions from the cash values of Plaintiff and the class constitutes a separate breach of contract.

39.     As a direct and proximate result of Defendant's breaches, therefore, Plaintiff and the class have been damaged and those damages are continuing in nature in that Defendant has deducted and will continue to deduct maintenance and administrative expenses from the cash values of Plaintiff and the class in amounts not authorized by the Policy and Class Policies.

40.     The nature of USAA Life's conduct is such that Plaintiff and each member of the class would be unaware that Defendant was engaging in wrongdoing by taking inflated charges and improper amounts from cash values. USAA Life possesses the actuarial information and equations underlying the computation of rates and charges for the Policy. The cost of insurance rates used to calculate cost of insurance charges are not disclosed to policy owners, nor are the components or factors that comprise those rates. And, even if they were, Plaintiff and the members of the class would lack the knowledge, experience, or training to reasonably ascertain how USAA Life calculated the rates and charges included in the Policy.

41.     Because of its superior knowledge of the aforementioned computations, USAA Life was aware that Plaintiff and each member of the class did not know about the improper deductions. USAA Life sent Plaintiff and the class annual statements each year that identified

each month's cost of insurance charge while affirmatively concealing the factors Defendant used to calculate the cost of insurance rates. Concealment of its conduct and failure to disclose its conduct to Plaintiff and the class constitutes fraudulent concealment and therefore tolls the statute of limitations for Plaintiff and proposed class members. Plaintiff did not learn of USAA Life's breaches until July 21, 2017, after he had engaged counsel and consulted an actuarial expert.

42.     Plaintiff did not discover, nor could he have, through reasonable diligence, discovered the facts establishing USAA Life's breaches or the harm caused thereby.

## CLASS ACTION ALLEGATIONS

43.     Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3) and/or 23(c)(4), Plaintiff brings this action on behalf of himself and all others similarly situated, and seeks to represent the following class:

> All persons who own or owned a life insurance policy issued or administered by Defendant, the terms of which provide or provided for: 1) an insurance or cost of insurance charge or deduction calculated using a rate that is determined based on Defendant's expectations as to future mortality experience; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

44.     Excluded from the class is Defendant, any entity in which Defendant has a controlling interest, any of the officers, directors, or employees of the Defendant, the legal representatives, heirs, successors, and assigns of the Defendant, anyone employed with Plaintiff's counsels' firms, any Judge to whom this case is assigned, and his or her immediate family. Also excluded from the class is any policy that explicitly discloses all of the factors Defendant used to calculate its rates and charges.

45.     Plaintiff's claims satisfy the numerosity, typicality, adequacy, commonality and superiority requirements under Federal Rule of Civil Procedure 23, as set forth more fully herein.

46.     The persons who fall within the class number in at least the hundreds and most likely thousands, and thus the numerosity standard is satisfied. Because class members are geographically dispersed across the country, joinder of all class members in a single action is impracticable.

47.     Class members are readily ascertainable from information and records in Defendant's possession, custody, or control. Notice of this action can readily be provided to the class.

48.     There are questions of law and fact common to the claims of Plaintiff and the class that predominate over any questions affecting only individual class members. The questions of law and fact arising from Defendant's actions that are common to the class include, without limitation:

(a)     Whether Defendant is permitted by the Class Policies to use factors other than those disclosed in the Class Policies to determine the monthly cost of insurance rates used to calculate insurance policy deductions;

(b)     Whether Defendant added, included, or relied on factors not specified in the Class Policies when determining the monthly cost of insurance rates used to calculate cost of insurance charges or deductions;

(c)     Whether Defendant added, included, or relied on factors unrelated to mortality expectations in setting and determining cost of insurance rates, despite the policy provisions providing that cost of insurance rates will be based on expectation as to future mortality experience;

(d)     Whether Defendant breached the terms of the Class Policies;

(e)     Whether the class sustained damages as a result of Defendant's breaches of contract;

10

(f)     Whether the class is entitled to damages, restitution, and/or other equitable relief requiring Defendant to make deductions from cash values in accordance with the terms of the Class Policies in the future; and

(g)     Whether the class, or a subset of the class, is entitled to declaratory relief stating the proper construction and/or interpretation of the Class Policies.

49.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the claims asserted herein.

50.     Plaintiff's claims are typical of the claims of the class in that Plaintiff and the class members all purchased policies containing the same or similar limitations on the amounts that Defendant could charge its policyholders under the express terms of the Policy and Class Policies.

51.     Plaintiff will fairly and adequately protect and represent the interests of the proposed class, because his interests are aligned with, and not antagonistic to, those of the proposed class, and he is represented by counsel who are experienced and competent in the prosecution of class action litigation, and have particular expertise with class action litigation on behalf of owners of universal life insurance policies.

52.     Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the class to bring a separate action. Because of the relatively small size of individual class member's claims, absent a class action, most class members would likely find the cost of litigating their claims prohibitively high and would have no effective remedy. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I: BREACH OF CONTRACT
### (Cost of Insurance Charge)

53.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

54.     Plaintiff and the class purchased life insurance policies—the Policy and Class Policies—from Defendant.

55.     The Policy and Class Policies are valid and enforceable contracts between the Defendant and Plaintiff and class members.

56.     Plaintiff and the class substantially performed their obligations under the terms of the Policy and Class Policies.

57.     By including unauthorized and undisclosed factors in the monthly cost of insurance rates, Defendant impermissibly causes those rates to be higher for the Policy and the Class Policies.

58.     Because Defendant calculates cost of insurance charges using monthly cost of insurance rates that are higher than those authorized by the Policy and Class Policies, Defendant has deducted and will deduct cost of insurance charges from the cash values of Plaintiff and the class in amounts greater than those authorized by their policies.

59.     Defendant's practice of deducting charges in amounts not authorized by the Policy and Class Policies constitutes a breach of the policies.

60.     As a direct and proximate result of Defendant's breach, Plaintiff and the class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT II: BREACH OF CONTRACT
### (Maintenance and Administrative Charges)

61.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

62.     By loading monthly cost of insurance rates with undisclosed expense factors, Defendant impermissibly deducts maintenance charges and, during the first 12 policy months,

administrative charges from the cash values of Plaintiff and the class in amounts in excess of the fixed and maximum maintenance and administrative charges expressly authorized by their policies.

63.     By deducting unauthorized maintenance and administrative charges from the cash values of Plaintiff and the class, Defendant has breached and continues to breach the Policy and Class Policies.

64.     As a direct and proximate result of Defendant's breach, Plaintiff and the class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT III: BREACH OF CONTRACT
### (Improving Expectations as to Future Mortality Experience)

65.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

66.     When setting monthly cost of insurance rates, the Policy and Class Policies authorize Defendant to consider only their expectations as to future mortality experience.

67.     Although mortality expectations have generally improved because people are living longer today than when the Policy and Class Policies were initially priced, Defendant has, on information and belief, failed to lower monthly cost of insurance rates for the Policy and Class Policies.

68.     Defendant's failure to lower these rates even though their expectations of future mortality experience improved constitutes a breach of the Policy and Class Policies.

69.     As a direct and proximate result of Defendant's breach, Plaintiff and the class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT IV: CONVERSION

70.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

13

71.     Plaintiff and the class had a property interest in the funds Defendant deducted from their cash values in excess of the amounts permitted by the terms of the Policy and Class Policies.

72.     By deducting cost of insurance charges and expense charges in unauthorized amounts from the cash values of Plaintiff and the class, Defendant assumed and exercised ownership over, and misappropriated or misapplied, specific funds held in trust for the benefit of Plaintiff and the class, without authorization or consent and in hostility to the rights of Plaintiff and class members.

73.     Defendant continues to retain these funds unlawfully without Plaintiff and class members' consent.

74.     Defendant's wrongful exercise of control over the personal property of Plaintiff and class members constitutes conversion.

75.     As a direct and proximate result of Defendant's conduct, Plaintiff and the class have been damaged, and these damages are continuing in nature.

76.     Although requiring expert testimony, the amounts of unauthorized cost of insurance charges and expense charges Defendant took from Plaintiff and the class are capable of determination, to an identified sum, by comparing Plaintiff's actual cost of insurance charge each month to a cost of insurance charge computed using a monthly cost of insurance rate determined using Defendant's expectations as to future mortality experience.

77.     On behalf of himself and the class, Plaintiff seeks all damages and consequential damages proximately caused by Defendant's conduct.

78.     Defendant intended to cause damage to Plaintiff and the class by deducting more from their cash value than was authorized by the Policy and Class Policies. Defendant's conduct was, therefore, malicious and Defendant is also guilty of oppression in that its systematic acts of

conversion subject Plaintiff and the class to cruel and unjust hardship in conscious disregard of their rights. Plaintiff and the class are therefore entitled to punitive or exemplary damages.

## COUNT V: DECLARATORY AND INJUNCTIVE RELIEF

79.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

80.     An actual controversy has arisen and now exists between Plaintiff and the class, on the one hand, and Defendant, on the other, concerning the respective rights and duties of the parties under the Policy and Class Policies.

81.     Plaintiff contends that Defendant has breached the Policy and Class Policies in the following respects:

(a)     By using unauthorized and undisclosed factors to compute the monthly cost of insurance rates under the Policy and Class Policies, Defendant impermissibly increased monthly cost of insurance rates for the Policy and Class Policies and, as a result, withdrew cost of insurance charges from the cash values of Plaintiff and the class in an amount greater than those authorized by the Policy and Class Policies.

(b)     By inflating monthly cost of insurance rates with unauthorized expense factors, including without limitation, maintenance and administrative expense factors, Defendant impermissibly deducted expenses from the cash values of Plaintiff and the class in amounts in excess of the fixed, maximum maintenance charges and administrative charges expressly authorized by the Policy and Class Policies.

(c)     By failing to reduce cost of insurance rates to reflect Defendant's improving expectations as to future mortality experience.

82.     Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policy and Class Policies and requests the Court to declare the aforementioned conduct of Defendant as unlawful and in material breach of the Policy and Class Policies so that future controversies may be avoided.

83.     Pursuant to a declaration of the parties' respective rights and duties under the Policy and Class Policies, Plaintiff further seeks an injunction temporarily, preliminarily, and permanently enjoining Defendant (1) from continuing to engage in conduct in breach of the

15

Policy and Class Policies, and from continuing to collect unlawfully inflated charges in violation of the Policy and Class Policies; and (2) ordering Defendant to comply with terms of the Policy and Class Policies in regards to its assessment of charges against Plaintiff and class members' cash values.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief and judgment against Defendant as follows:

(a) That the Court enter an order certifying the class, appointing Plaintiff as a representative of the class, appointing Plaintiff's counsel as class counsel, and directing that reasonable notice of this action, as provided by Federal Rule of Civil Procedure 23(c)(2), be given to the class;

(b) For a judgment against Defendant for the causes of action alleged against it;

(c) For compensatory damages in an amount to be proven at trial;

(d) For punitive and exemplary damages;

(e) For a declaration that Defendant's conduct as alleged herein is unlawful and in material breach of the Policy and Class Policies;

(f) For appropriate injunctive relief, enjoining Defendant from continuing to engage in conduct related to the breach of the Policy and Class Policies;

(g) For pre-judgment and post-judgment interest at the maximum rate permitted by law;

(h) For Plaintiff's costs incurred; and

(i) For such other relief in law or equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

16

DATED: 9/29/2017                         Respectfully submitted,

                                         By: /s/ Lawrence Morales II
                                         Lawrence Morales II
                                         State Bar No. 24051077
                                         lawrence@themoralesfirm.com
                                         THE MORALES FIRM, P.C.
                                         6243 IH-10 West, Suite 132
                                         San Antonio, Texas 7820
                                         Telephone: (210) 225-0811
                                         Facsimile: (210) 225-0821

                                         Daniel C. Girard (*pro hac vice forthcoming*)
                                         dcg@girardgibbs.com
                                         Angelica M. Ornelas (*pro hac vice forthcoming*)
                                         amo@girardgibbs.com
                                         GIRARD GIBBS LLP
                                         601 California Street, Suite 1400
                                         San Francisco, California 94108
                                         Telephone: (415) 981-4800
                                         Facsimile:  (415) 981-4846

                                         Norman E. Siegel (*pro hac vice forthcoming*)
                                         siegel@stuevesiegel.com
                                         STUEVE SIEGEL HANSON LLP
                                         460 Nichols Road, Suite 200
                                         Kansas City, Missouri 64112
                                         Telephone: (816) 714-7100
                                         Facsimile:  (816) 714-7101

                                         John J. Schirger (*pro hac vice forthcoming*)
                                         jschirger@millerschirger.com
                                         Matthew W. Lytle (*pro hac vice forthcoming*)
                                         mlytle@millerschirger.com
                                         MILLER SCHIRGER, LLC
                                         4520 Main Street, Suite 1570
                                         Kansas City, Missouri 64111
                                         Telephone: (816) 561-6500
                                         Facsimile:  (816) 561-6501

                                         *Counsel for Plaintiff Roy C. Spegele*