**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FILED**

**AUG 2 6 2021**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

ROY C. SPEGELE, individually and on behalf
of all others similarly situated,

        Plaintiff,

v.

USAA LIFE INSURANCE COMPANY,

        Defendant.

Case No. 5:17-cv-967-OLG

## ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF <u>CLASS ACTION SETTLEMENT</u>

This matter comes before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement. Doc. 109. For the reasons explained below, the Court finds the proposed Settlement is fair, reasonable, and adequate and therefore GRANTS Plaintiff's Motion for Final Approval and enters judgment on the Settlement.

### *Procedural History*

Plaintiff Roy C. Spegele filed his Class Action Complaint and Demand for Jury Trial on September 29, 2017, alleging causes of action for breach of contract, conversion, and declaratory and injunctive relief on behalf of himself and similarly situated owners of USAA Life Insurance Company ("USAA Life") universal life insurance policies that state that the policies' cost of insurance rates ("COI Rates") will be determined by USAA Life "based on its expectations as to future mortality experience." Doc. 1. In Count I, Plaintiff alleged that USAA Life breached the terms of the Class Policies by including unauthorized factors beyond its "expectations as to future mortality experience," such as expenses and profit, in determining the monthly COI Rates used to calculate COI Charges, which impermissibly caused those charges to be higher than

authorized. *Id.* ¶¶ 53-60. In Count II, Plaintiff alleged that USAA Life breached the Class Policies by loading the monthly COI Rates with undisclosed maintenance and administrative expense factors above the fixed amount authorized by the policies. *Id.* ¶¶ 61-64. In Count III, Plaintiff alleged that USAA Life breached the terms of the Class Policies by failing to incorporate its improving expectations as to future mortality experience into the COI Rates, which would have resulted in lower rates for the policies. *Id.* ¶¶ 65-69. In Count IV, Plaintiff alleged that through the conduct alleged in Counts I – III, USAA Life misappropriated funds held in trust for the benefit of Plaintiff and the putative class, which constituted the tort of conversion. *Id.* ¶¶ 70-78. In Count V, Plaintiff sought a declaration that the conduct alleged in Counts I – III constitutes a breach of the Class Policies and sought an order enjoining USAA Life from continuing to collect impermissibly inflated charges.

USAA Life maintains that the COI Charges were appropriate and permissible under the terms of the universal life insurance policies and has asserted additional defenses, including that the claims are barred by the statute of limitations. *E.g.*, Doc. 36 (Answer); Doc. 67 (Mot. for Summary Judgment).

Soon after the inception of the case, the Parties engaged in exhaustive discovery, including extensive written discovery and multiple depositions over the course of several months.

On December 20, 2019, Mr. Spegele filed his motion for class certification, requesting that this Court certify a nationwide class of current and former Universal Life 3 ("UL3") and Universal Life 4 ("UL4") policy owners, with certain limited exceptions. Doc. 54. On February 24, 2020, USAA Life filed its opposition to class certification, arguing that issues relating to adequacy, predominance, USAA Life's affirmative defenses, choice of law, and Plaintiff's

damages model precluded class certification. Doc. 61. Additionally, on February 24, 2020, USAA Life filed its motion to exclude the expert report of Plaintiff's expert, Scott Witt. Doc. 59. Plaintiff filed his opposition to USAA Life's motion to exclude Mr. Witt's report on March 16, 2020 (Doc. 71), and his reply in support of class certification on April 13, 2020 (Doc. 81).

On March 2, 2020, USAA Life filed its motion for summary judgment, arguing its universal life policies' COI Rates provision authorizes USAA Life to include factors in addition to its expectations of future mortality experience in its COI Rates and that it had no obligation to lower COI Rates when its mortality expectations improved. Doc. 67. USAA Life also argued that Plaintiff's claims were barred by the statute of limitations and the doctrine of laches. *Id.*

On September 23, 2020, the Court granted Plaintiff's motion for class certification and denied USAA Life's motion to exclude Mr. Witt's report, thereby certifying the class of UL3 and UL4 policy owners as to Counts I – IV under Rule 23(b)(3) and Count V under Rule 23(b)(2). Doc. 89. On October 7, 2020, USAA Life filed in the United States Court of Appeals for the Fifth Circuit its petition for leave to appeal under Rule 23(f), *see* Fifth Circuit Case No. 20-90039, which, after full briefing, the Fifth Circuit granted on October 29, 2020. On January 25, 2021, USAA Life filed its principal brief on appeal. *See* Fifth Circuit Case No. 20-50909. On February 1, 2021, the Washington Legal Foundation, the Chamber of Commerce of the United States of America, and the American Council of Life Insurers filed amicus briefs supporting USAA Life's request that this Court's order certifying the class be reversed. Prior to the filing of Plaintiff's answer brief, the appeal was taken off the Fifth Circuit's active calendar pending the conclusion of settlement approval proceedings in this Court.

After the Court certified the class in this case, the parties engaged in extensive arm's length negotiations towards settlement of this matter, including mediation before a neutral

mediator. On February 2, 2021, the parties agreed to the material terms of the Settlement Agreement now submitted for approval.

On April 9, 2021, Plaintiff filed his Unopposed Motion Pursuant to Rule 23(e) to Permit Issuance of Class Notice of Proposed Class Action Settlement and Memorandum in Support Thereof. Doc. 103. On May 17, 2021, the Court entered its order granting Plaintiff's motion, finding that the Court would likely be able to (1) approve the Settlement as fair, reasonable, and adequate, and (2) certify the Settlement Class for purposes of judgment on the Settlement. Doc. 105. On May 27, 2021, pursuant to the Court's Order, notice of the proposed Settlement was served on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). Also pursuant to that Order, on July 1, 2021, the Settlement Administrator mailed the Court-approved Class Notice to members of the Settlement Class informing Settlement Class Members of the terms of the Settlement, including that Class Counsel would seek their attorneys' fees from the Settlement Fund in an amount up to 30% of the Settlement Fund, and reimbursement for costs and expenses of the litigation from the Settlement Fund of up to $300,000. The Notice also informed Settlement Class Members that a service award of up to $20,000 for Mr. Spegele would be sought. The Notice also informed Settlement Class Members how to object to the Settlement or exclude themselves therefrom.

On July 14, 2021, Plaintiff filed his Unopposed Motion for Final Approval of the Class Action Settlement and Memorandum in Support Thereof (Doc. 109), and Class Counsel filed their Motion for Attorneys' Fees, Costs, Expenses, and Service Award (Doc. 108). These motions and accompanying exhibits were each posted to the Settlement Website contemporaneously with their filing. There have been four objections to the Settlement submitted and 26 requests for exclusion therefrom.

4

### *Final Approval and Judgment*

Nothing has occurred that would alter the Court's initial assessment that the Settlement is fair, reasonable, and adequate. In fact, the response of the Settlement Class Members to the Settlement (only 26 requests for exclusion and four objections out of a class of 110,038 owners of over 120,000 life insurance policies, who were sent notice by first-class mail) further underscores that the Settlement is, in fact, fair, reasonable, and adequate. Therefore, the Court, having reviewed the Settlement Agreement and Release, including the exhibits attached thereto (together, the "Agreement" or "Settlement"), the arguments and authorities presented by the parties and their counsel, and the record in the Action, and good cause appearing, hereby grants final approval of the class action Settlement.

Accordingly,

**IT IS HEREBY ORDERED:**

1. **Class Certification for Settlement Purposes Only.**

The Settlement Class includes the persons or entities who own or owned one of approximately 39,000 Universal Life 1 or Universal Life 2 life insurance policies issued or administered by USAA Life or its predecessors in interest, and in force on or after March 1, 1999; and the persons or entities who own or owned one of approximately 83,000 Universal Life 3 or Universal Life 4 life insurance policies issued or administered by USAA Life or its predecessors in interest, and in force on or after March 1, 1999.[1]

---

[1] The Settlement Class excludes USAA Life; any entity in which USAA Life has a controlling interest; any of the officers, directors, or employees of USAA Life; the legal representatives, heirs, successors, and assigns of USAA Life; anyone employed with Plaintiff's law firms; and any Judge to whom this case is assigned, and his or her immediate family. Also excluded from the Settlement Class are persons or entities who own or owned Universal Life 3 and Universal Life 4 policies issued in New Jersey and policies issued by USAA Life Insurance Company of New York (except to the extent they owned Policies that are otherwise in the Settlement Class). Agreement, ¶ 1.31; Doc. 105 at 2 n.2.

For the following reasons, the Court affirms that it is proper to certify, and hereby does finally certify, for settlement purposes only, the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3).

a. *Numerosity*: Rule 23(a)(1) requires that a proposed settlement class be "so numerous that joinder of all class members is impracticable." Fed. R. Civ. P. 23(a)(1); Doc. 89 at 13. Here, the Settlement Class comprises 110,038 owners of over 120,000 life insurance policies and thus numerosity is not in question. *See* Doc. 89 at 13 (finding numerosity satisfied as to class of owners of approximately 80,000 UL3 and UL4 policies).

b. *Commonality*: Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); Doc. 89 at 13. Here, the Settlement Class Members are joined by the common questions of law and fact that arise from their ownership of life insurance policies all providing that USAA Life's COI Rates would be "based on [USAA Life's] expectations as to future mortality experience." As explained in this Court's order certifying a class for trial, the Class Policies will be interpreted under Texas law (Doc. 89 at 14-20), and the questions of law and fact include but are not limited to whether USAA Life considered factors outside its mortality expectations in calculating COI Rates and whether doing so constitutes a breach of the Class Policies. *Id.* at 20-21. Commonality is thus satisfied as to the Settlement Class.

c. *Typicality*: Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(2); Doc. 89 at 21. Typicality "focuses on the similarity between the named plaintiff's legal and remedial theories and the theories of those whom they purport to represent." Doc. 89 at 21 (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999)). Typicality

is satisfied because Plaintiff's policies and the Class Policies are materially identical, and USAA Life's alleged breach of these policies was uniform for both Plaintiff and the proposed Settlement Class. *See id.* This Court also already concluded that USAA Life's statute of limitations defense did not defeat Plaintiff's typicality. *Id.* at 22. Typicality is thus satisfied as to the Settlement Class.

      d.    ***Adequacy of Representation***: The adequacy requirement is satisfied when "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court finds that the proposed Settlement Class Representative, Mr. Spegele, has fulfilled his responsibilities on behalf of the Settlement Class. The Court further finds that Class Counsel have prosecuted the case vigorously and in the best interests of the Settlement Class. The Court further finds there are no intra-class conflicts amongst Plaintiff and any Settlement Class Members. *See* Doc. 89 at 23-26. Adequacy of representation is thus satisfied.

      e.    ***Predominance and Superiority***: Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and [that] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); Doc. 89 at 26. Where, as here, a court is "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 623. As the Court concluded in certifying the class for trial:

> [T]he Class Policies are form contracts, and as noted above, they are subject to interpretation under Texas law for the purposes of Plaintiff's claims. Indeed, the performance at issue—the calculation of the COI Rates and the deduction of excessive

COI Charges—is identical throughout the class. The provisions that Defendant's uniform performance allegedly violate are also materially identical throughout the class.

Doc. 89 at 27. The same analysis applies to the Settlement Class, and thus predominance is satisfied as to the Settlement Class.

Finally, class resolution is superior to other available means for the fair and efficient adjudication of the claims in this case. Here, potential damages suffered by individual class members are relatively modest and would be uneconomical to pursue on an individual basis given the burden and expense of prosecuting individual claims. Moreover, there is little doubt that resolving all class members' claims jointly, particularly through a class-wide settlement negotiated on their behalf by counsel well-versed in class action litigation, is superior to a series of individual lawsuits and promotes judicial economy. *See* Doc. 89 at 34.

### 2.    <u>Class Counsel and Settlement Class Representative.</u>

The Court concludes that Plaintiff's counsel—Stueve Siegel Hanson, Miller Schirger, and Girard Sharp—have fairly and adequately represented the interests of the Settlement Class Members. Plaintiff's Counsel have substantial experience in consumer class action litigation, and in particular cost of insurance litigation, and were well-qualified to negotiate a Settlement that provides meaningful relief to Plaintiff and the Settlement Class. The Court previously appointed these firms as interim Class Counsel and now appoints them as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g)(1).

The Court further concludes that Mr. Spegele has fairly and adequately represented the interests of the Settlement Class Members and now appoints him as the Settlement Class Representative.

3.    **Jurisdiction.**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

4.    **Findings Concerning Notice.**

The Court finds that the Notice Program has been implemented by the Settlement Administrator and the parties in accordance with the requirements of the Settlement Agreement, and that such Notice Program, including the use of first-class mail to give Notice, constitutes the best notice practicable under the circumstances and satisfies due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlement Administrator and parties have complied with the directives of the Order Permitting Issuance of Notice and the Court reaffirms its findings concerning notice as set forth in paragraph 5 thereof.

5.    **Findings Concerning Distribution Plan.**

The Court finally approves the Distribution Plan as a fair and reasonable method to allocate the Settlement benefits among Settlement Class Members. The Court directs that the Settlement Administrator effectuate the Distribution Plan according to the terms of the Settlement Agreement.

6.    **Requests for Exclusion and Objections to the Settlement.**

Out of a Settlement Class of 110,038 owners of over 120,000 Class Policies only 26 requested exclusion from the Settlement and 4 objected. That few objections and exclusion requests were received indicates strong support for the Settlement by Settlement Class Members and weighs strongly in favor of final approval.

7.     **Findings Concerning the Fairness, Adequacy and Reasonableness of the Settlement.**

The Court finds that this Settlement reflects an outstanding result for the Settlement Class in a case with a significant level of risk. The Settlement provides monetary benefits to compensate policy owners for alleged cost of insurance overcharges reflecting a significant percentage of the alleged damages. As set forth below, the factors set forth in Federal Rule of Civil Procedure 23(e) and those identified by the Fifth Circuit for determining the fairness, reasonableness, and adequacy of a proposed class action settlement support finally approving the Settlement here.

      a.     **The Class Representative and Class Counsel Have Provided Excellent Representation to the Class.[2]**

The adequacy of representation factor supports a finding that the Settlement is fair, reasonable, and adequate. First, Plaintiff Spegele showed his dedication to representing the Settlement Class by providing information, documents, and testimony in connection with the lawsuit, and working with counsel to advance the litigation on behalf of himself and all members of the proposed Settlement Class. *See* Doc. 89 at 26 (finding "Plaintiff has diligently prosecuted this lawsuit and he has a personal monetary interest at stake, suggesting he will continue to adequately protect the interests of the proposed class members").

Second, Class Counsel are competent, experienced and qualified with expertise in class actions and cost of insurance cases and have vigorously prosecuted the claims asserted in this case.

---

[2] *See* Fed. R. Civ. P. 23(e)(2)(A).

b.      **The Settlement Is the Product of Arm's Length Negotiations.**[3]

The Court further finds that the arm's length nature of the settlement negotiations in this case amongst experienced counsel for both parties with the assistance of a mediator supports a finding that the Settlement is fair, reasonable, and adequate. *See* Comment to December 2018 Amendment to Fed. R. Civ. P. 23(e) ("[T]he involvement of a neutral or court-affiliated mediator or facilitator in those negotiations may bear on whether they were conducted in a manner that would protect and further the class interests.").

c.      **The Relief Provided by the Settlement Is Excellent.**[4]

i.      **The duration, costs, risks, and delay of trial and appeal support approval of the Settlement.**[5]

The Court finds that the $90,000,000 cash Settlement is an excellent result for the Settlement Class in light of the duration, costs, risks, and delay of trial and appeal, supporting a finding that the Settlement is fair, reasonable, and adequate. "When the prospect of ongoing litigation threatens to impose high costs of time and money on the parties, the reasonableness of approving a mutually-agreeable settlement is strengthened." *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1064 (S.D. Tex. 2012) (quoting *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 651 (N.D. Tex. 2010)); *see also Ayers v. Thompson*, 358 F.3d 356, 369 (5th Cir. 2004) ("[S]ettling . . . avoids the risks and burdens of potentially protracted litigation.").

Plaintiff and the class face several risks, including the risk of an adverse decision on Rule 23(f) review, USAA Life's motion for summary judgment on policy interpretation and the statute

---

[3] *See* Fed. R. Civ. P. 23(e)(2)(B); *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

[4] *See Reed*, 703 F.2d at 172.

[5] Fed. R. Civ. P. 23(e)(2)(C)(i).

of limitations, and an appeal of any judgment in Plaintiff's and the class's favor. By reaching a favorable settlement prior to the resolution of dispositive motions or trial, Plaintiff is avoiding expense and delay and ensuring a prompt recovery for the Settlement Class. *See Hays v. Eaton Grp. Attorneys, LLC*, No. 17-88-JWD-RLB, 2019 WL 427331, at *10 (M.D. La. Feb. 4, 2019) ("[A]pproval of settlement is favored where settling 'avoids the risks and burdens of potentially protracted litigation.'") (quoting *In re Educ. Testing Serv. Praxis Principles of Learning & Teaching, Grades 7-12 Litig.*, 447 F. Supp. 2d 612, 620 (E.D. La. 2006)).

In light of these serious risks, the proposed Settlement, which returns to Settlement Class Members a significant percentage of the total potential overcharges without the need to make a claim, is an outstanding result and satisfies the requirements for issuing notice to the Settlement Class.

### ii. The effectiveness of the proposed method of distributing relief to the Settlement Class supports approval of the Settlement.[6]

The Court also concludes that the process for distributing relief to the Settlement Class by delivering Settlement checks by mail without the necessity of submitting a claim supports approval of the Settlement. *See, e.g., In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d 1330, 1351 (S.D. Fla. 2011) ("The absence of a claims-made process further supports the conclusion that the Settlement is reasonable.").

### iii. The terms for the award of attorneys' fees, including the timing of payment, support approval of the Settlement.[7]

Contemporaneously with the filing of Plaintiff's Motion for Final Approval, Class Counsel has filed their motion for attorneys' fees seeking their fee as a percentage (30%) of the $90,000,000 Settlement Fund created for the Settlement Class, for expense reimbursement of

---

[6] Fed. R. Civ. P. 23(e)(2)(C)(ii).

[7] Fed. R. Civ. P. 23(e)(2)(C)(iii).

$176,165.01, and for a service award for Mr. Spegele in the amount of $20,000. The Court will enter a separate order on that motion, but the Court finds the terms of Class Counsel's proposed attorney fee award support approval of the Settlement because the requested fee is proportional to the Class recovery, and the Class Notice informed Settlement Class Members as to the terms of their requested award and Class Counsel filed their fee motion, which was contemporaneously posted on the Settlement Website, well in advance of the deadline for Settlement Class Members to file objections or to exclude themselves from the Settlement. While there are over 110,000 Settlement Class Members, only one objected to the requested fee and expense award. Further, the Settlement is not conditioned on the Court's approval of Class Counsel's fee and expense request or the requested service award to Mr. Spegele. Accordingly, this factor supports a finding that the Settlement is fair, reasonable, and adequate and thus the Court's final approval.

> ### iv. There is no agreement required to be identified under Rule 23(e)(3).[8]

Under Rule 23(e)(3), "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal." There is no agreement between the parties except those set forth or explicitly referenced in the Settlement Agreement. Accordingly, the Court finds this factor is not relevant to whether the Settlement should be approved.

> ### d. The Stage of the Proceedings and the Amount of Discovery Completed Supports Approval of the Settlement.[9]

This factor requires the Court to look to whether "the parties and the district court possess ample information with which to evaluate the merits of the competing positions." *Ayers v. Thompson*, 358 F.3d 356, 369 (5th Cir. 2004). The Court finds that the parties undertook

---

[8] Fed. R. Civ. P. 23(e)(2)(C)(iv).

[9] *Reed*, 703 F.2d at 172.

substantial discovery prior to the consummation of the Agreement, including the production and review of thousands of documents and depositions of numerous witnesses, including Mr. Spegele and Plaintiff's expert Mr. Witt, and multiple fact and Rule 30(b)(6) deponents from USAA Life. This information allowed Plaintiff to determine, among other things, that USAA Life was including in its COI Rates a load for factors unrelated to its expectations as to future mortality experience, and Plaintiff's expert to develop a damages model to calculate the lost cash value suffered by policy owners resulting from USAA Life's inclusion of undisclosed factors in the COI Rates. Much of the discovery material was presented with or relied on in the class certification-related briefing, upon which this Court ruled that Mr. Witt's damages model was well-tethered to Plaintiff's theory of liability. Doc. 89. Likewise, the merits of Plaintiff's theory of liability and USAA Life's defenses thereto are fully briefed in USAA Life's motion for summary judgment. Docs. 67, 72, 80. Class Counsel's experience in litigating cost of insurance overcharge cases like this one allowed them to evaluate the merits of this case and thus the reasonableness of the Settlement here. Thus, the Parties were well-informed of the facts and legal issues in this case. The Court concludes this factor supports finding the Settlement is fair, reasonable, and adequate.

      e.      **Plaintiff's Probability of Success on the Merits Supports Approval of the Settlement.[10]**

     "The probability of the plaintiffs' success on the merits is the most important *Reed* factor, 'absent fraud and collusion.'" *ODonnell v. Harris Cty., Texas*, No. CV H-16-1414, 2019 WL 4224040, at \*11 (S.D. Tex. Sept. 5, 2019) (quoting *Santinac v. Worldwide Labor Support of Ill., Inc.*, No. 15-CV-25, 2017 WL 1098828, at \*3 (S.D. Miss. Mar. 23, 2017) (citing *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. Unit A 1982))). "This factor relates to the 'risks . . . of

---

[10] Fed. R. Civ. P. 23(e)(2)(C)(i); *Reed*, 703 F.2d at 172.

trial and appeal.'" *See id.* (citing Fed. R. Civ. P. 23(e)(2)(C)(i)). "In evaluating the likelihood of success, the Court must compare the terms of the settlement with the rewards the class would have been likely to receive following a successful trial." *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 287 (W.D. Tex. 2007) (citing *Reed*, 703 F.2d at 172). "This factor favors approving a settlement even when the likelihood of success on the merits is not certain." *Id.* (citing *In re Corrugated Container Antitrust Litig.*, 659 F.2d 1322, 1326-27 (5th Cir. Unit A Oct. 1981) ("A district court need not establish the plaintiffs' likelihood of prevailing to a certainty.")).

This factor supports finding the Settlement is fair, reasonable, and adequate because there are significant obstacles to a classwide judgment in favor of the class on liability and damages. The propriety of class certification is now before the Fifth Circuit, and even if Plaintiff prevails and the class remains certified, Plaintiff will still have to establish that his reading of the Class Policies is correct and that his claims are not barred by the statute of limitations or the doctrine of laches. Then, Plaintiff must convince a jury that his damages methodology correctly measures the harms class members have suffered. Even if Plaintiff prevails at trial on behalf of the class, there is the significant risk that, after years-long litigation, the Fifth Circuit could reverse on the merits. Given these significant risks that could result in policy owners receiving nothing, the Settlement, which returns to Settlement Class Members a substantial percentage of the overcharges Plaintiff claims they have suffered, is a fair, reasonable, and adequate result.

> **f.      The Range and Certainty of Recovery Supports Approval of the Settlement.[11]**

This factor requires the district court to "establish the range of possible damages that could be recovered at trial, and, then, by evaluating the likelihood of prevailing at trial and other relevant factors, determine whether the settlement is pegged at a point in the range that is fair to

---

[11] *See* Fed. R. Civ. P. 23(e)(2)(C)(i); *Reed*, 703 F.2d at 172.

15

the plaintiff settlors." *Maher v. Zapata Corp.*, 714 F.2d 436, 460 (5th Cir. 1983) (quoting *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 213 (5th Cir. 1981)). "The court's consideration of this factor 'can take into account the challenges to recovery at trial that could preclude the class from collecting altogether, or from only obtaining a small amount.'" *ODonnell*, 2019 WL 4224040, at *12 (quoting *Klein*, 705 F. Supp. 2d at 656). "The question is not whether the parties have reached 'exactly the remedy they would have asked the Court to enter absent the settlement,' but instead 'whether the settlement's terms fall within *a reasonable range of recovery*, given the likelihood of the plaintiffs' success on the merits." *Id.* (quoting *Klein*, 705 F. Supp. 2d at 656; *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 849-50 (E.D. La. 2007)) (emphasis in original).

As explained above, the Court finds there are significant hurdles Plaintiff would have to overcome before class members would receive any recovery if the case were to proceed without this Settlement. Any of the obstacles to a classwide judgment's ultimate affirmance on appeal—which, even if it came to pass, would not occur for years—could result in class members taking nothing or obtaining significantly less in damages than requested. The Court finds that the Settlement, which ensures recovery for policy owners of a significant percentage of the alleged overcharges they have suffered and without delay is a fair, reasonable, and adequate result given the risks of not settling.

### g. The Respective Opinions of Class Counsel, the Class Representative, and the Absent Class Members, Support Approval of the Settlement.[12]

Class Counsel has stated their view that the Settlement is an excellent result for the Settlement Class, especially given the risks and delay of continued litigation, as detailed above. Doc. 109-1 (Siegel Decl.) ¶¶ 32-37. "The endorsement of class counsel is entitled to deference,

---

[12] *See Reed*, 703 F.2d at 172.

especially in light of class counsels' significant experience in complex civil litigation and their lengthy opportunity to evaluate the merits of the claims." *DeHoyos*, 240 F.R.D. at 292; *see also Stott v. Capital Fin. Servs., Inc.*, 277 F.R.D. 316, 346 (N.D. Tex. 2011) ("As class counsel tends to be the most familiar with the intricacies of a class action lawsuit and settlement, 'the trial court is entitled to rely upon the judgment of experienced counsel for the parties.'") (quoting *Cotton*, 559 F.2d at 1330). Thus, while the "[C]ourt may not simply defer to class counsels' opinion," because the other factors also support a finding that the proposed Settlement is fair, reasonable, and adequate, Class Counsel's recommendation that the Settlement satisfies the requirements for approval is entitled to substantial weight. *See Turner*, 472 F. Supp. 2d at 852.

Here, Class Counsel not only has the benefit of a complete understanding of the risks and potential ranges of recovery in this case, but has litigated several other similar cases that allow Class Counsel to fairly consider the merits of the claims here and the value of the Settlement to the Settlement Class. In addition, the Class Representative, Mr. Spegele, also supports and approves the Settlement, believing it to be in the best interests of the Settlement Class. Doc. 109-1 (Siegel Decl.) ¶ 38.

Finally, the very small number of class members who have excluded themselves (26) from the Settlement or objected thereto (4), indicates the Settlement is well-received by absent class members, which supports approval of the Settlement. *See, e.g., DeHoyos*, 240 F.R.D. at 293. The Court additionally concludes that the few objections submitted do not indicate the Settlement should not be finally approved and therefore overrules these objections.

First, Mr. Hailey objects to the fairness of the Settlement Distribution Plan in two respects. In what he refers to as the "common-to-all-continuing deficiency," Mr. Hailey suggests that Settlement Class Members should be given the option of electing either the cash payment

the Settlement provides, or an increase in their cash values. In essence, Mr. Hailey's objection is not that a cash settlement is unreasonable or inadequate, but that giving class members a choice between cash or an increase in cash value would be better. Mr. Hailey does not suggest such relief could have been obtained at trial, however. Furthermore, because the issue at the final approval stage "is whether the settlement is adequate and reasonable, not whether one could conceive of a better settlement," Mr. Hailey's first objection is overruled. *See Varacallo v. Massachusetts Mut. Life Ins. Co.*, 226 F.R.D. 207, 235 (D.N.J. 2005).

For his second objection to the Distribution Plan, Mr. Hailey asserts that the Settlement is unfair for Option A policy owners relative to Option B policy owners due to the difference in the calculation of the "net amount at risk" under each policy (against which the COI Rate is multiplied to arrive at the COI charge). Because the net amount at risk is fixed for Option B policies and increases with overcharges under Option A policies, Mr. Hailey asserts that there is a "compounding effect" to the overcharges suffered by Option A policy owners that is not borne in the same fashion as Option B policy owners. However, as demonstrated by Class Counsel, the Distribution Plan in fact accounts for this so-called "compounding effect." *See* Doc. 113 & Ex. 2 (Bakos Declaration). Thus, the Court finds that the allocation is fair and reasonable for Option A and Option B policy owners consistent with the policy-provided formula and each policy's transactional history. Therefore, the Court overrules this objection to the Distribution Plan.

Second, Mr. Olinick objects to Class Counsel's request for an attorney fee award of 30% of the Settlement Fund and reimbursement of expenses of up to $300,000. However, Mr. Olinick does not contend the requested percentage is unreasonable compared to other cases in which fees requested as a percentage of a common fund have been awarded, or that the other factors courts within this Circuit consider in evaluating the reasonableness of a fee award are not satisfied.

Instead, Mr. Olinick's objection is that the amount sought for fees and expense reimbursement is generally too high. The Court overrules Mr. Olinick's objection because the percentage Class Counsel seek fits comfortably in the range of percentages that have been approved in this Circuit and elsewhere in many types of cases, including cases similar to this one. *See* Doc. 108 at 19-22, 28-29, 32-33. Furthermore, the factors identified by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), including the substantial time and labor involved; the novelty and difficulty of the issues in the case; the skill required of Class Counsel; the complexity of the case, which precluded Class Counsel from accepting other work; the contingent nature of the fee; the significant monetary amount and the excellent results obtained; the extensive experience, reputation, and ability of Class Counsel; the undesirability of the case due to the risk of non-recovery and well-financed corporate defendant; and the nature and duration of the professional relationship between Class Counsel and Mr. Spegele, each also support the requested fee. *See* Doc. 108 at 22-32. Therefore, the Court overrules Mr. Olinick's general objection to Class Counsel's requested fee award.

In addition, Mr. Olinick's general objection to Class Counsel's request for expense reimbursement is also misplaced. Mr. Olinick objects to reimbursement of expenses of up to $300,000; however, Class Counsel ultimately sought only $176,165.01 and the Court finds this amount was for expenses reasonably and necessarily incurred in the prosecution of this case and that the expenses are of the type that are typically included in a bill for professional services and not absorbed as part of firm overhead, and are therefore properly reimbursable from the Settlement Fund. Therefore, the Court also overrules Mr. Olinick's general objection to Class Counsel's requested expense reimbursement.

Third, the Court overrules the objections by Mr. Komlo and Mr. Iverson. Neither offers any specific objection to the Settlement, but rather, both object generally to the litigation, which is not an appropriate basis to object to the Settlement. *See DeHoyos*, 240 F.R.D. at 293 ("General objections without factual or legal substantiation do not carry weight.") (citing 4 Newberg on Class Actions § 11:58 (4th ed. 2002)). Neither generalized objection detracts from the Court's preliminary assessment that the Settlement is fair, reasonable, and adequate and satisfies the six factor test the Court is to consider under *Reed*.

      h.    **The Settlement Treats Class Members Equitably Relative to Each Other, Supporting Approval of the Settlement.**[13]

The Court finds that the Settlement's proposed distribution formula, which determines each Settlement Class Member's recovery under the Settlement according to the actual or estimated COI Charges each paid under the Class Policies treats the Settlement Class Members equitably relative to each other and supports a finding that the Settlement is fair, reasonable, and adequate.

*     *     *

Accordingly, the relevant factors all support a finding that the Settlement is fair, reasonable, and adequate, supporting its final approval.

    8.    **Fairness Hearing.**

The Court held a Fairness Hearing on August 26, 2021. Following argument from the parties, the Court concludes as follows: (a) this matter is certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3) and (e); the Settlement is approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) Plaintiff's Complaint is dismissed with prejudice pursuant to the terms of the Settlement Agreement; and

---

[13] *See* Fed. R. Civ. P. 23(e)(2)(D).

(d) Settlement Class Members, except those who timely excluded themselves as identified in Exhibit A hereto—are bound by the releases set forth in the Settlement Agreement.

### 9.      Releases.

As of the Final Settlement Date, the Releases (Doc. 103-1 at Section 3) shall be deemed to have, and by operation of this Order and the Final Judgment shall have, fully and irrevocably released and forever discharged the parties from all Released Claims as forth in paragraph 1.25 of the Settlement Agreement.

### 10.      Final Judgment.

For the reasons set forth herein, the Court hereby (1) certifies the Settlement Class pursuant to Federal Rules of Civil Procedure 23(b)(3) and (e); (2) grants final approval of the Settlement; and (3) enters final judgment in this Action. The parties are ordered to carry out the Settlement as provided in the Settlement Agreement.

### 11.      Dismissal and Continuing Jurisdiction.

The Court hereby dismisses this Action with prejudice except the Court retains jurisdiction over this action and the parties, attorneys and Settlement Class Members for all matters relating to this action, including (without limitation) the administration, interpretation, and effectuation or enforcement of the Settlement Agreement and this Order.

Dated: 8.26.21

Orlando L. Garcia
Chief United States District Judge

21

**EXHIBIT A**

Name1

1 JAMES M STASIOWSKI
2 GARTH S HOUK
3 MARY ANN HOLMES
4 K. E. NELSON SPECIAL NEEDS TRUST
5 EST OF ELAINE W NELSON
6 EST OF MR WILLIAM J REILLY
7 EST OF MR THOMAS E FLEMING JR
8 JAMES M MOHR
9 DEBORAH D BROWN
10 JOHN M BROWN
11 SHARON A STASIOWSKI
12 ROBERT AND LINDA BUSS LIVING TRUST
13 MATTHEW L SPARTA
14 PATRICIA R MC CALEB
15 CONNIE H BROOKSHIRE
16 EST OF GEORGE SCHRACK GERHARD
17 LEE C PAGE JR
18 JUDITH MARTIN ARMITAGE
19 PETER W FLAGG
20 CINDY S BERNHARD
21 IRMA MATA
22 RAQUEL BODDEN
23 RHONDA J PAGANO
24 ANTHONY R PAGANO
25 EST OF GLYNN L H ARMITAGE
26 THOMAS O SALMON